United States District Court
Southern District of Texas
**ENTERED**
November 07, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KHALIL GANIM, | § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. H-23-1897 |
| ZURICH AMERICAN INSURANCE COMPANY, | § § § § | |
| Defendant. | § § § | |

**MEMORANDUM AND OPINION**

**I.    Background**

The plaintiff, Khalil Ganim, sued his property insurer, Zurich American Insurance Company, alleging that it wrongly denied him payment for damage to his home during the Texas freeze of February 2021.  (Docket Entry No. 5 at ¶ 1).  He alleges that Zurich denied his claim based on an incorrect determination that the loss amount was below the policy deductible.  (*Id.* at ¶ 10).  Ganim sues for breach of contract, breach of the duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE § 17.01 *et seq.*, Texas Prompt Payment of Claims Act, TEX. INS. CODE § 542.051 *et seq.*, Chapter 541 of the Texas Insurance Code, § 541.001 *et seq.*, and common-law fraud.  (*Id.* at 7–16).

Zurich moves to dismiss Ganim's first amended complaint under Rule 12(b)(6).  (Docket Entry No. 9).  Based on the pleadings, the motion, the response, and the applicable law, the motion is granted in part and denied in part.  The reasons are set out below.

## II.     The Rule 12(b)(6) Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the

2

court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

### III. Analysis

#### A. The Breach-of-Contract Claim

The elements of a breach-of-contract claim under Texas law are: "(1) a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach." *Brooks v. Excellence Mortgage, Ltd.*, 486 S.W.3d 29, 36 (Tex. App.—San Antonio, pet. denied.) (quotation marks and quoting reference omitted).

Zurich argues that Ganim fails to state a breach-of-contract claim because he "did not attach a copy of the insurance policy to its Original or Amended Petition and identified neither what provision(s) of the insurance policy [Zurich] allegedly breached, nor any specific act or omission that breached such provision." (Docket Entry No. 9 at 13). Zurich also argues that Ganim's complaint fails to "include any facts to show why [Zurich]'s investigation was unreasonable, why the investigation was inadequate or unreasonable, how the investigation undervalued the claim, or how any of the above were in any way a breach of the insurance contract." (*Id.*).

Ganim responds that he is not required to attach a copy of the insurance policy to his complaint because he "has diligently provided all necessary information for record retrieval within the Defendant's system. Specifically, the Plaintiff has consistently presented essential details,

3

including the policy number, claim number, date of loss, and address of the insured property, both in the Plaintiff's Original Petition and the subsequent Amended Complaint." (Docket Entry No. 13 at 3).

Ganim has stated a plausible claim for breach of contract. He alleges he "is the named insured in a residential dwelling insurance policy" with Zurich. (Docket Entry No. 5 at ¶ 8). He alleges that he submitted an insurance claim under the policy and that Zurich denied the claim without conducting a proper inspection and adjustment. (*Id.* at ¶¶ 10–14). Finally, he alleges that he was damaged by Zurich's "fail[ure] to perform its contractual duty to adequately compensate Plaintiff for damages the freeze caused per Defendant Insurer's Policy's terms." (*Id.* at ¶ 14). Zurich does not cite any authority holding that Ganim's failure to attach the insurance policy to his complaint warrants Rule 12(b)(6) dismissal.

### B. Extra-Contractual Claims

Zurich argues that Ganim's extra-contractual claims should be dismissed because (1) Ganim fails to allege "what exactly was substandard about the inspection and investigation [Zurich] conducted or what damages [Zurich] should have paid"; (2) Ganim fails to allege an injury independent from the alleged loss of benefits; and (3) Ganim's fraud-based claims do not satisfy the heightened pleading requirements of Rule 9(b). (Docket Entry No. 9 at 13–15).

Zurich's first argument is unpersuasive because Ganim does allege that Zurich's inspection was deficient in specific ways. Ganim alleges that Zurich "refused to consider testimony or evidence [Ganim] presented showing the extent of covered damages the freeze caused." (Docket Entry No. 5 at ¶ 11). He also alleges that Zurich used an adjuster who "was improperly trained, had inadequate knowledge of the type and scope of loss, had very little or no hands-on freeze damages experience and was not qualified to prepare an estimate for freeze damages [Ganim]

4

suffered." (*Id.* at ¶ 12). He alleges that Zurich's failure "to conduct a reasonable investigation of freeze damages to [Ganim]'s home[] [] created a scope of damages significantly less than the amount of freeze damages [Ganim] actually suffered." (*Id.* at ¶ 13). Ganim's failure to allege a specific sum of damages is not fatal to his claims. *See Allcapcorp, Ltd., Co. v. CHC Consulting, LLC*, 2018 WL 993780, at *3 (N.D. Tex. Feb. 21, 2018); *We-Flex, LLC v. NBSP, Inc.*, 2012 WL 1440439, at *7 n.44 (S.D. Tex. Apr. 25, 2012).

Zurich's second argument is also unpersuasive. The authorities cited by Zurich stand for the proposition that a plaintiff may not recover damages beyond policy benefits under the Texas Insurance Code without proving an injury that is independent from the loss of benefits. *Nat'l Sec. Fire & Cas. Co. v. Hurst*, 523 S.W.3d 840, 848 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *Parkans Intern. LLC v. Zurich Ins. Co.*, 299 F.3d 514, 519 (5th Cir. 2002); *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 499–500 (Tex. 2018). A plaintiff need not plead an injury independent of lost benefits to state a claim under the Texas Insurance Code or the Texas Deceptive Trade Practices Act. *See Menchaca*, 545 S.W.3d at 489 ("[A]n insured who establishes a right to receive benefits under the insurance policy can recover those benefits as actual damages under the Insurance Code if the insurer's statutory violation causes the loss of the benefits.").

Zurich's third argument has merit. Ganim does not dispute that his extra-contractual claims are subject to Rule 9(b) to the extent that they are based on alleged misrepresentations. (Docket Entry No. 13 at 6). Rule 9(b) provides that, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby. Put simply,

5

Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." *Benchmark Elec., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (citation and quoting reference omitted).

Zurich alleges three categories of misrepresentations in support of his claims for breach of the duty of good faith and fair dealing, Texas Deceptive Trade Practices Act, Chapter 541 of the Texas Insurance Code, and common-law fraud. First, he alleges that Zurich misrepresented the amount of loss that his property sustained from the freeze. (Docket Entry No. 5 at ¶¶ 37, 51–53). Second, he alleges that Zurich misrepresented that the policy covered freeze damage. (*Id.* at ¶¶ 42, 49–53). Third, he alleges that Zurich misrepresented that it would conduct a reasonable investigation of any loss. (*Id.* at ¶ 49).

The context—the who, what, when, where and how—of these alleged misrepresentations is unclear from Ganim's complaint. The allegations do not satisfy Rule 9(b). If Ganim chooses to replead these allegations, he must specify whether the alleged misrepresentations were made before Zurich issued the policy, such as in promotional materials or in communications with Zurich representatives; in the policy language; or after Zurich issued the policy, but outside the four corners of the policy, such as in communications with Zurich during the claims process. To the extent Ganim alleges that Zurich failed to disclose any material facts, (*id.* at ¶ 41), he must allege what material facts Zurich failed to disclose. To the extent Ganim alleges false advertising under Chapter 541, (*id.* at ¶ 50), he must allege what the advertisements were and what was false about them.

### IV.     Conclusion

Zurich's motion to dismiss, (Docket Entry No. 9), is granted in part and denied in part. Ganim's claims for breach of the duty of good faith and fair dealing, Texas Deceptive Trade Practices Act, Chapter 541 of the Texas Insurance Code, and common-law fraud, are dismissed

without prejudice to the extent that they are based on Zurich's alleged fraud or misrepresentations. Ganim must replead no later than December 8, 2023. The motion to dismiss is otherwise denied.

SIGNED on November 7, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge