IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KHALIL GANIM, | § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. H-23-1897 |
| ZURICH AMERICAN INSURANCE COMPANY, | § § § § | |
| Defendant. | § § § | |

**MEMORANDUM AND OPINION**

The plaintiff, Khalil Ganim, alleges that his property insurer, Zurich American Insurance Company, underpaid his claim for property damages from Winter Storm Uri. (Docket Entry No. 21 at ¶¶ 8–9). Ganim moves to abate the case pending the appraisal provided for in the parties' contract. (Docket Entry No. 20). Zurich opposes the motion to abate on the ground that Ganim has waived his right to invoke appraisal. (Docket Entry No. 23). Zurich also moves to dismiss the extra-contractual claims in Ganim's second amended complaint. (Docket Entry No. 22).

Based on the record, the pleadings, the briefs, and the applicable law, the motion to abate is denied. The motion to dismiss is granted in part. The reasons are set out below.

**I.    The Legal Standards**

**A.    Waiver of Appraisal Rights**

Texas insurance policies frequently include provisions requiring or allowing appraisal to resolve disputes about loss amounts. *See State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 888–89 (Tex. 2009). "An appraisal clause 'binds the parties to have the extent or amount of the loss determined in a particular way.'" *Id.* at 895 (quoting *In re Allstate Cty. Mut. Ins. Co.*, 85 S.W.3d

193, 195 (Tex. 2002)); *see also Lundstrom v. United Servs. Auto. Ass'n–CIC*, 192 S.W.3d 78, 87 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) ("The effect of an appraisal provision is to estop one party from contesting the issue of damages in a suit on the insurance contract, leaving only the question of liability for the court."). An appraiser must "decide the 'amount of loss,' not [] construe the policy or decide whether the insurer should pay." *Johnson*, 290 S.W.3d at 890. "[U]nless the 'amount of loss' will never be needed . . . appraisals should generally go forward without preemptive intervention by the courts." *Id.* at 895.

The contractual right to appraisal may be waived. The Texas Supreme Court has explained that:

> [To] constitute waiver [of the right to appraisal] the acts relied on must be . . . reasonably calculated to induce the assured to believe that . . . compliance by him with the terms and requirements of the policy is not desired, or would be of no effect if performed. The acts relied on must amount to a denial of liability, or a refusal to pay the loss.

*In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 407 (Tex. 2011) (quoting *Scottish Union & Nat. Ins. Co. v. Clancy*, 8 S.W. 630, 632 (Tex. 1888)). "Waiver requires intent, either the intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right.'" *Id.* (quoting *In re Gen. Elec. Capital Corp.*, 203 S.W.3d 314, 316 (Tex. 2006)).

"[W]hile an unreasonable delay is a factor in finding waiver, reasonableness must be measured from the point of impasse." *Id.* at 408. An impasse is "a mutual understanding that neither [party] will negotiate further." *Id.* at 410. Determining whether the parties are at an impasse "requires an examination of the circumstances and the parties' conduct, not merely a measure of the amount of time involved in seeking appraisal." *Id.* at 408. "An impasse is not the same as a disagreement about the amount of loss. Ongoing negotiations . . . do not trigger a party's obligation to demand appraisal. Nor does an insurer's offer of money to cover damages necessarily indicate a refusal to negotiate further . . . ." *Id.*

2

"[M]ere delay is not enough to find waiver; a party must show that it has been prejudiced." *Id.* at 411. "[P]rejudice to a party may arise in any number of ways that demonstrate harm to a party's legal rights or financial position." *Id.*; *see also Perry Homes v. Cull*, 258 S.W.3d 580, 597 (Tex. 2008) (prejudice for the purpose of finding a waiver of arbitration is "the inherent unfairness in terms of delay, expense, or damage to a party's legal position" (quoted in *Universal Underwriters*, 345 S.W.3d at 411)); *In re Tyco Int'l Ltd. Sec. Litig.*, 422 F.3d 41, 46 n.5 (1st Cir. 2005) ("[A] party should not be allowed purposefully and unjustifiably to manipulate the exercise of its arbitral rights simply to gain an unfair tactical advantage over the opposing party." (quoted in *Universal Underwriters*, 345 S.W.3d at 411)); *Menorah Ins. Co., Ltd. v. INX Reinsurance Corp.*, 72 F.3d 218, 222 (1st Cir. 1995) (finding prejudice when a party "incurred expenses as a direct result of [an opponent's] dilatory behavior" (quoted in *Universal Underwriters*, 345 S.W.3d at 411)).

Waiver "is an affirmative defense and the party asserting it bears the burden of proof." *In re State Farm Lloyds, Inc.*, 170 S.W.3d 629, 634 (Tex. App.—El Paso 2005, orig. proceeding). Waiver may be a fact question, but it "becomes [a question] of law" when the facts are undisputed or "clearly established." *Tenneco, Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 643 (Tex. 1996). "The trial court may determine whether an appraisal has been waived as a matter of law at the preliminary stages of litigation." *Laas v. State Farm Mut. Auto. Ins. Co.*, No. 14-98-00488-CV, 2000 WL 1125287, at *7 (Tex. App.—Houston [14th Dist.] Aug. 10, 2000, no pet.) (unpublished).

**B.      Rule 12(b)(6) and Rule 9(b)**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to

relief." FED. R. CIV. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

"A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

Rule 9(b) provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions

4

of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby. Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." *Benchmark Elec., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (citation and quoting reference omitted).

## II. The Motion to Abate

Zurich argues that Ganim's delays have waived his right to invoke appraisal. The court agrees. Ganim received the final payments on his claim in April 2021. (Docket Entry No. 23-1 at 3–4). Ganim filed this lawsuit two years later. Ganim does not explain why he did not invoke appraisal during those two years. Nor does he explain why he waited six more months after filing suit to invoke appraisal. The delay does not appear to be explained by negotiations between the parties. Ganim did not notify Zurich of his complaint until Zurich was served with this lawsuit. (*Id.* at 4). Ganim's delay is inconsistent with an intention to exercise his appraisal rights. *Gulf Ins. Co. v. Carroll*, 330 S.W.2d 227, 232 (Tex.Civ.App.—Waco 1959, no writ) (upholding a jury's finding that a delay of four months and one day was unreasonable); *Sanchez v. Prop. & Cas., Ins. Co. of Hartford*, No. CIV. A. H-09-1736, 2010 WL 413687, at *8 (S.D. Tex. Jan. 27, 2010) (holding that a delay of more than ten months was an "intentional relinquishment" of insurer's right to appraisal).

Ganim's delay was prejudicial to Zurich because during that time, Zurich has responded to Ganim's complaint, participated in discovery, and filed three motions to dismiss, all steps and expenses that could have been avoided had Ganim invoked appraisal before filing suit. Ganim has waived its right to appraisal. The motion to abate is denied.

### III.     The Motion to Dismiss

The court previously dismissed Ganim's extra-contractual claims for failure to satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b):

> Zurich alleges three categories of misrepresentations in support of his claims for breach of the duty of good faith and fair dealing, Texas Deceptive Trade Practices Act, Chapter 541 of the Texas Insurance Code, and common-law fraud. First, he alleges that Zurich misrepresented the amount of loss that his property sustained from the freeze. Second, he alleges that Zurich misrepresented that the policy covered freeze damage. Third, he alleges that Zurich misrepresented that it would conduct a reasonable investigation of any loss.
>
> The context—the who, what, when, where and how—of these alleged misrepresentations is unclear from Ganim's complaint. The allegations do not satisfy Rule 9(b). If Ganim chooses to replead these allegations, he must specify whether the alleged misrepresentations were made before Zurich issued the policy, such as in promotional materials or in communications with Zurich representatives; in the policy language; or after Zurich issued the policy, but outside the four corners of the policy, such as in communications with Zurich during the claims process. To the extent Ganim alleges that Zurich failed to disclose any material facts, he must allege what material facts Zurich failed to disclose. To the extent Ganim alleges false advertising under Chapter 541, he must allege what the advertisements were and what was false about them.

(Docket Entry No. 18) (citations omitted).

Ganim's second amended complaint does not correct the deficiencies identified in his first.

### A.     Breach of the Duty of Good Faith and Fair Dealing

Ganim alleges that Zurich breached the duty of good faith and fair dealing by failing to reasonably investigate his property damage. (Docket Entry No. 21 at ¶ 37). Gamin alleges that "the defendant insurer created a false exclusion basis to fully deny the plaintiff's freeze damage claim, obstructing any reasonable investigation of the claim. The refusal to pay any of this covered claim displays the defendant insurer's lack of diligence." (*Id.*). He also alleges that Zurich's "failure to adequately and fairly examine and assess the plaintiff's claim, while knowing or should have known [*sic*] through reasonable diligence that its liability was reasonably evident, signifies a violation of the duty of good faith and fair dealing." (*Id.* at ¶ 38).

6

These allegations are conclusory and do not state a claim upon which relief can be granted. Ganim does not allege specific ways in which Zurich's investigation was unreasonable. Ganim's claim for breach of the duty of good faith and fair dealing is dismissed, with prejudice because further amendment would be futile.

B. **Texas Deceptive Trade Practices Act**

Ganim alleges that Zurich violated the Texas Deceptive Trade Practices Act through its "tie in" provision, TEX. BUS. & COM. CODE § 17.50(a)(4), by violating the Texas Insurance Code. (Docket Entry No. 21 at ¶ 40). Ganim alleges that Zurich violated the DTPA by:

- a. Claiming the policy had benefits and qualities it does not have;
- b. Stating the policy confers rights and solutions it does not have;
- c. Omitting known information about the policy at purchase intending to induce the plaintiff into a deal they would not have entered if disclosed; and
- d. Pursuing an unfair course of conduct.

(*Id.* at ¶ 41). According to Ganim, Zurich "continually informed the plaintiff they would cover freeze damages." (*Id.* at ¶ 42). Gamin's second amended complaint, like his last complaint, fails to allege "the who, what, when, and where" behind this fraud allegation. *Benchmark*, 343 F.3d at 724. Ganim's DTPA claims are dismissed with prejudice, because his continued failure to cure the pleading deficiencies indicates that further amendment would be futile.

C. **The Texas Prompt Payment of Claims Act**

Ganim alleges that Zurich violated the Texas Prompt Payment of Claims Act, TEX. BUS. & COM. CODE § 542.051 *et seq.*, in the following ways:

44. Within 15 days of the claim notice, the defendant insurer did not:

- a. Acknowledge receipt, violating TEX. INS. CODE § 542.055(a)(1). See *Dunn v. Southern Farm Bur. Cas. Ins. Co.*, 991 S.W.2d 467, 472 (Tex. App.—Tyler 1999, pet. denied);

7

      b.      Record the acknowledgement date, means and content, violating TEX. INS. CODE § 542.055(c);

      c.      Initiate a reasonable investigation, instead performing an unreasonable, outcome-driven probe lacking deference to the plaintiff's evidence, violating TEX. INS. CODE § 542.055(a)(2); and

      d.      Seek needed information from the plaintiff, relying solely on predetermined biased conclusions, violating TEX. INS. CODE § 542.055(a)(3).

45. Additionally, upon receiving all reasonably required information, the defendant insurer did not:

      a.      Accept or reject by the 15th business day, violating TEX. INS. CODE § 542.056(d);

      b.      Provide reasonable justification for underpayment, violating TEX. INS. CODE § 542.056(c);

      c.      Request more time and explain why, violating TEX. INS. CODE § 542.056(d);

      d.      Pay within 5 days of the plaintiff meeting conditions, instead underpaying contrary to the plaintiff's estimator, violating TEX. INS. CODE § 542.057(b); and

      e.      Pay within 60 days despite the plaintiff's full cooperation, violating TEX. INS. CODE § 542.058(a).

(Docket Entry No. 21 at ¶¶ 44–45).

Ganim's allegations that Zurich violated § 542.055 are conclusory. Ganim does not allege the date that he filed his claim with Zurich, or the date that Zurich acknowledged receipt or initiated its investigation. Instead, he alleges merely that he "promptly contacted the Insurance Company . . . to initiate a claim and resolve the incurred damage. Subsequently, [Zurich] furnished the Plaintiff with a claim number, 159005315." (*Id.* at ¶ 9).

Ganim's allegations that Zurich violated §§ 542.056, 542.057, and 542.058 are also conclusory. Ganim does not allege the date that Zurich received all reasonably required

8

information, the date that Zurich notified him of the acceptance or rejection of his claim, or the date that Zurich paid the claim.

### D.  Chapter 541 of the Texas Insurance Code

Ganim alleges that Zurich violated Chapter 541 of the Texas Insurance Code, TEX. BUS. & COM. CODE § 541.001 *et seq.*, in the following ways:

> 49.  Regarding the plaintiff's claim, the defendant insurer engaged in these improper settlement tactics (TEX. INS. CODE § 541.060):
>
> > a.  Failing to attempt a prompt, fair, and equitable settlement once liability was reasonably evident;
> >
> > b.  Failing to timely provide a reasonable basis in the policy, facts, or law for denying and underpaying the claim; and
> >
> > c.  Failing within reasonable time to deny claim coverage.
>
> 50. Defendant Insurer engaged in the following settlement practices on Plaintiff's claim (TEX. INS. CODE § 541.061):
>
> > a.  made an untrue material fact statement on coverages and loss amount;
> >
> > b.  making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of a material fact such as occurred here.

(Docket Entry No. 21 at ¶¶ 49–50).

Ganim fails to state a claim under § 541.060(a)(2)(A) because he does not allege facts specifying how the payments Zurich made were not "prompt, fair, and equitable."  Instead, he alleges, in conclusory fashion, that "despite being fully aware of [Zurich's] liability to the plaintiff under the policy, [Zurich] neglected to make a genuine effort to fairly settle the plaintiff's claim." (*Id.* at ¶ 14).  To withstand a motion to dismiss, Ganim must allege facts allowing the reasonable inference that Zurich knew or should have known that it owed Ganim more than the amount it paid him.  *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 56 (Tex. 1997).  Ganim does not allege facts

9

about the extent of the damage, the estimated cost of replacement or repair, or why the money Zurich paid was insufficient.

Ganim states a claim under § 541.060(a)(3), which makes it an "unfair settlement practice[]" to "fail[] to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim." Ganim alleges that Zurich made an incomplete payment without "any accompanying justification for the partial payment" and without "communicat[ing] any plans for future settlements or payments that would encompass the full extent of the losses covered under the policies." (Docket Entry No. 21 at ¶ 15).

Ganim fails to state a claim under § 541.060(a)(4), which makes it an unfair settlement practice to fail within a reasonable time to "affirm or deny coverage of a claim to a policyholder." Again, Ganim does not allege when he filed the claim or when Zurich affirmed or denied coverage. He alleges merely that he "did not receive a timely written response from the defendant indicating acceptance or rejection of the entire claims." (Docket Entry No. 21 at ¶ 16). These allegations are conclusory and insufficient.

Ganim fails to satisfy the heightened pleading standard applicable to his § 541.061 claims. Again, Ganim does not allege the "the who, what, when, where, and how" behind the alleged fraud. *Benchmark*, 343 F.3d at 724. Ganim's counsel explains that his "good conscience" and "commitment to fundamental ethical principles of honesty and veracity" prevent him from "construct[ing] false allegations." (Docket Entry No. 24 at ¶¶ 12, 14). That is all well and good, but claims that cannot be adequately pleaded without fabrication should not be pleaded at all. *See* FED. R. CIV. P. 11.

## IV. Conclusion

The motion to abate is denied. (Docket Entry No. 20). The motion to dismiss is granted in part. (Docket Entry No. 22). All claims except Ganim's breach-of-contract and § 541.060(a)(3) claims are dismissed, with prejudice, because amendment would be futile.

SIGNED on February 5, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge